UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

HOLLY JARVIS,

                              Plaintiff,

-against-                                      5:25-CV-645 (LEK/MJK)

FUNNY BONE COMEDY CLUB, *et al.*,

                              Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

        Plaintiff Holly Jarvis ("Plaintiff") filed this action on May 21, 2025, alleging violations of her due process rights under the Fourteenth Amendment pursuant to 42 U.S.C. § 1983 ("Section 1983"), and various state law claims, including defamation, negligent infliction of emotion distress ("NIED"), and intentional infliction of emotional distress ("IIED"). Dkt. No. 1 ("Complaint").[1] The Honorable Mitchell J. Katz, United States Magistrate Judge, issued a Report-Recommendation and Order recommending that the Court dismiss Plaintiff's Complaint. Dkt. No. 5 ("Report and Recommendation"). Plaintiff has filed objections. Dkt. No. 7 ("Objections").

        For the reasons that follow, the Court adopts the Report and Recommendation in its entirety.

---

[1] This case is related to *Jarvis v. City of Syracuse Police Department, et al.*, 25-CV-228 (LEK/MJK).

## II. BACKGROUND

The Court assumes familiarity with Judge Katz's Report and Recommendation, as well as Plaintiff's factual allegations as detailed therein. *See* R. & R. at 4.

## III. LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"A proper objection must be specific." *Nambiar v. Cent. Orthopedic Grp., LLP*, No. 24-1103, 2025 WL 3007285, at *3 (2d Cir. Oct. 28, 2025). To be 'specific,' the objection must, with particularity, 'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Nutt v. New York*, No. 12-CV-385,

2012 WL 4006408, at *1 (N.D.N.Y. Sept. 12, 2012) (quoting N.D.N.Y. L.R. 72.1(c)). "The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party makes only conclusory or general objections . . . the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

"The objections of parties appearing *pro se* are 'generally accorded leniency' and should be construed 'to raise the strongest arguments that they suggest.'" *DiPilato*, 662 F. Supp. 2d at 340 (emphasis in original) (quoting *Milano v. Astrue*, No. 05-CV-6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008)). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *DiPilato*, 662 F. Supp. 2d at 340 (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

IV.   DISCUSSION

   A.   The Report and Recommendation

In his Report and Recommendation to this Court, Judge Katz recommended dismissing Plaintiff's Complaint because the Complaint lacks any facts which plausibly state a claim invoking the Court's jurisdiction. R. & R. at 4–6.

First, Judge Katz explained that while Plaintiff invokes the Court's diversity jurisdiction, "the [C]omplaint is devoid of any allegations concerning the citizenship of the remaining

Defendants so that the Court can determine whether complete diversity of citizenship among the parties exists." *Id.* at 4–5.

Next, Judge Katz recommended dismissing Plaintiff's Section 1983 claim as "conclusory" because "Plaintiff does not plead any facts establishing that Defendants were acting under the color of law, are individuals who the state is responsible for, or are individuals who may fairly be called a state actor." *Id*. at 5.

**B. Plaintiff's Objections**

Plaintiff filed six objections to Judge Katz's Report and Recommendation. Obj. 1–2. Objections one through four are largely repetitions of arguments that Judge Katz dealt with in his well-reasoned order. *Compare* R. & R. at 4–6 *with* Obj. at 1–2. However, mindful of the Second Circuit's recent decision in *Nambiar*, the Court will review objections one through four *de novo*. *Nambiar*, No. 24-1103, 2025 WL 3007285, at *1 (2d Cir. Oct. 28, 2025) (requiring *de novo* review for even rehashed arguments because "objection[s] not only may, but often must, repeat arguments that were previously raised.").

*1.* Objection 1

Plaintiff objects to the dismissal of her Section 1983 claim as "improper[]" because she "specifically alleged that private actors conspired with or acted jointly with state actors – including off-duty parole officers and Syracuse Police officers – to falsely accuse, detain, and arrest her and her son." Obj. at 1. "To state a claim under [Section] 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, a Plaintiff "must show that the alleged deprivation was committed by a person acting under color of state law." *Id*. "A defendant acts under color of state law when [he exercises] some right or privilege created by the State . . . or by a person for whom

4

the state is responsible, and is a person who may fairly be said to be a state actor." *See Sykes v. McPhillips*, 412 F.Supp.2d 197, 200 (N.D.N.Y. 2006) (internal quotations omitted) (citing *Nicholson v. Lenczewski*, 356 F.Supp.2d 157, 162 (D. Conn. 2005)).

Here, Plaintiff's Complaint fails to allege any facts that Defendants were acting under color of law. Compl. at 3. Defendants, who work at a comedy club, *see id*. at 1, were not acting under the state's direction, control, or influence, or any other connection that could plausibly suggest they were acting under color of law. Additionally, "acting jointly with public officials" does not in and of itself create a cause of action under Section 1983. *Id*. at 3; s*ee Carr v. Gerwitz,* No. 24-CV-1069*,* 2024 WL 4712526, at *3 (N.D.N.Y. Sept. 20, 2024), *report and recommendation adopted*, No. 24-CV-1069, 2024 WL 4456969 (N.D.N.Y. Oct. 10, 2024) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002)) ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity."). Thus, this objection is dismissed.

   2.   <u>Objection 2</u>

Plaintiff further objects to dismissal because she "alleged that false reports were knowingly submitted to police by Defendants and were relied upon by law enforcement without any independent investigation, satisfying the joint action test under [Section] 1983." Obj. at 1 "Private parties are . . . not generally liable under Section 1983." *Levine v. Project Renewal*, No. 24-CV-616, 2024 WL 773722, at *5 (S.D.N.Y. Feb. 26, 2024) (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013); *see also  United States v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 941 F.2d 1292, 1295 (2d Cir. 1991) ("[T]he United States Constitution regulates only the Government, not private parties."). Under Section 1983, a private actor's actions can be considered state action when:

> (1) the entity acts pursuant to the 'coercive power' of the state or is 'controlled' by the state ("the compulsion test"); (2) when the state provides 'significant encouragement' to the entity, the entity is a 'willful participant in joint activity with the [s]tate,' or the entity's functions are 'entwined' with state policies ("the joint action test" or "close nexus test"); or (3) when the entity 'has been delegated a public function by the [s]tate' ("the public function test").

*Levine*, 2024 WL 773722, at *5 (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008)) (citations omitted). The Second Circuit has explained that in order for a Plaintiff to sufficiently plead state involvement for the purposes of Section 1983, that "the plaintiff must allege that the state was involved 'with the activity that caused the injury' giving rise to the action." *Sybalski*, 546 F.3d at 257–58 (quoting *Schlein v. Milford Hospital, Inc.*, 561 F.2d 427, 428 (2d Cir.1977)).

Here, Plaintiff's Complaint is devoid of any specific allegations of state involvement. *See generally* Compl. The Complaint states generally that "Probation Officers . . . who were present, collaborated with Defendants in perpetuating false narratives," Compl. at 2, but this fails to state with specificity how Plaintiff knew these were "Probation Officers," or what these Probation Officers did under color of law. Moreover, assuming *arguendo* that Defendants knowingly sent false reports to the police, there are no allegations in the Complaint that the police acted on them in a way that deprived Plaintiff of her constitutional rights. *See generally* Compl. Finally, "even if that information is false or results in the officers taking affirmative action, [giving false information to the police] is not sufficient to constitute joint action with state actors for purposes of [Section] 1983." *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 196 (E.D.N.Y. 2010) (collecting cases). Accordingly, this objection is dismissed.

### 3. Objection 3

Plaintiff's next objection avers that Judge Katz "did not address Plaintiff's factual allegations that the parole officers and Defendants worked together to initiate police

6

involvement, leading to false charges, detainment, and a lifetime ban from Destiny USA, all of which constitute significant deprivations under color of law." Obj. at 1. First, the Court notes that there are no allegations that Plaintiff was detained or falsely charged in her Complaint, and so the Court will not consider this argument. *Milner-Koonce v. Albany City Sch. Dist.*, No. 21-CV-1271, 2023 WL 3748831, at *3 (N.D.N.Y. June 1, 2023 ("[O]bjections to a report-recommendation are not an opportunity for a plaintiff to add new allegations to her complaint."); *Nambiar*, 2025 WL 3007285, at *3 ("A proper objection generally may not raise new arguments not previously made before the magistrate judge."). Second, Plaintiff's objection here is functionally the same as her previous objection – i.e., that private actors conspired with state actors "under color of law" to deprive her of her rights. Obj. at 1. Therefore, for the same reasons as previously discussed, *see supra* Part IV (B)(2), this objection is dismissed.

4.  Objection 4

Plaintiff's fourth objection to the Report & Recommendation is that she "submitted a Freedom of Information Law (FOIL) request within one month of the incident to preserve video surveillance evidence, which was denied. The R&R; did not consider this as part of the broader due process violation and potential spoliation of evidence." Obj at 2. Upon reviewing the Complaint, Plaintiff makes no mention of a FOIL request, to whom the request was made, why the Defendants in the instant action would have the information she seeks, or how at all this constitutes a deprivation of her constitutional rights under Section 1983. *See generally* Compl. Moreover, as Plaintiff is aware, "Federal courts do not have subject matter jurisdiction to enforce state laws regarding public access to official records." *Jarvis v. Duell*, No. 25-CV-843, 2025 WL 2467484, at *2 (N.D.N.Y. Aug. 26, 2025) (quoting *In re Shelton*, No. 06-CV- 6132, 2006 WL 3463425, at *2 (E.D.N.Y. Nov. 30, 2006)). "If an initial request is denied, the requester may

7

appeal the denial first to the 'head, chief executive or governing body' of the entity or agency in possession of the documents, and, thereafter, by commencing a special proceeding in New York State courts under Article 78 of the New York Civil Practice Law and Rules." *Id.* (citing N.Y. Pub. Off. L. § 89(4)(a) and (b)). Therefore, this objection is also dismissed.

### 5. Plaintiff's Remaining Objections

Plaintiff's fifth and sixth objections do not address specific portions of the Report and Recommendation. Rather they take issue with the amount of "leniency" Judge Katz took in construing Plaintiff's Complaint and aver that "dismissal at this early stage is premature." *See* Obj. at 2. However, as Plaintiff has not "object[ed] to [any] finding or recommendation on that issue with sufficient specificity" the Court will review for clear error. *Nambiar*, 2025 WL 3007285, at *3. Having found none, the Court dismisses Plaintiff's fifth and sixth objection.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 5, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's complaint, Dkt. No. 1, is **DISMISSED with leave to amend**; and it is further

**ORDERED**, that if Plaintiffs wish to proceed with this action, they must file an amended complaint as set forth above within Forty-Five (45) days from the date of the filing of this Memorandum-Decision and Order. If Plaintiffs timely file an amended complaint, this matter shall be returned to the Court for further review; and it is further

**ORDERED** that, if Plaintiffs fail to timely file an amended complaint, the Clerk shall dismiss this action and close this case without further order from the Court; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   December 17, 2025
            Albany, New York

LAWRENCE E. KAHN
United States District Judge